UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


JONATHAN MELENDEZ,

      Petitioner,

v.                                                        CASE NO. 6:11-cv-554-Orl-28KRS
                                                          (6:08-cr-228-Orl-28KRS)

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

      This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jonathan Melendez (Doc. No. 4). The Government filed a response (Doc. No. 15) to the amended section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply (Doc. No. 17) and a supplemental reply (Doc. No. 20) to the response.

      Petitioner alleges twelve claims for relief in his motion. For the reasons discussed below, the amended section 2255 motion is denied.

## I.   *Procedural History*

      Petitioner and several other individuals were charged by indictment with intent to distribute and distribute more than five kilograms of cocaine hydrochloride

(Criminal Case No. 6:08-cr-228-Orl-28KRS, Doc. No. 3).[1]   A jury trial was held, and

Petitioner was found guilty.  *See* Criminal Case Doc. No. 261.    The Court subsequently

adjudicated Petitioner guilty of the offense and sentenced him to imprisonment for a

term of 240 months.  *See* Criminal Case Doc. No. 315.  Petitioner filed a direct appeal

with the Eleventh Circuit Court of Appeal, which affirmed.  *See* Criminal Case Doc. No.

444.

II.     *Analysis*

A.     *Petitioner's Claims*

Petitioner contends as follows:  (1) trial counsel failed to conduct an adequate

pre-trial preparation and investigation; (2) trial counsel performed inadequately during

plea negotiations; (3) trial counsel misadvised him to admit being a drug dealer; (4) trial

counsel failed to file certain pre-trial motions; (5) trial counsel made certain mistakes

during trial; (6) trial counsel failed to call vital witnesses; (7) trial counsel performed

deficiently at sentencing; (8) trial counsel labored under a conflict of interest; (9)

appellate counsel failed to raise certain issues on direct appeal; (10) the Court failed to

give certain curative instructions to the jury; (11) trial counsel failed to object to

misconduct by the prosecutor at trial, and appellate counsel failed to raise the issue on

direct appeal; and (12) trial counsel made critical errors throughout the proceedings.

---

[1]Criminal Case No.6:08-cr-228-Orl-28KRS will be referred to as "Criminal Case."

B.   *Factual Background*

As noted by the Eleventh Circuit Court of Appeals,

> Melendez, Goitia-Mora, Montes, and their associates shared the common goal of importing cocaine from Puerto Rico into the Orlando area in order to resell it for a profit . . . . Both Melendez and Montes imported cocaine from Puerto Rico, albeit from different suppliers. The boxes of cocaine that Melendez and Montes received were packaged in a substantially similar manner. In addition, both Melendez and Montes hired at least one individual to arrange for the safe delivery of the cocaine packages by procuring delivery addresses and managing the individuals who took delivery of the boxes.
>
> . . . Melendez and Montes assisted each other by supplying each other with cocaine on a credit basis, and Goitia-Mora assisted both Melendez and Montes by carrying cocaine and money between them . . . . [S]ome of the addresses used by Melendez to receive cocaine shipments were also used by Montes for the same purpose.

*See* Criminal Case Doc. No. 444 at 13-14.

C.   *Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. Id. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

D.    **Claim One**

Petitioner argues that trial counsel failed to conduct an adequate pre-trial preparation and investigation. Petitioner mentions that counsel did not investigate the state of mind of Yahaira Cordero-Gonzalez and obtain "trial information regarding" Miguel Montes. *See* Doc. No. 4 at 4. According to Petitioner, counsel also failed to object "to the drugs being presented to the jury"; test the drugs to prove that they came from different sources; interview the other co-defendants or expert witnesses; investigate any viable line of defense prior to trial; and interview "members of the separate organizations." *Id.* at 4, 14.

At trial, Petitioner's counsel cross-examined Ms. Cordero-Gonzales with regard to her previous conviction, her mental health, and her drug use. *See* Criminal Case Doc. No. 366 at 8-15. The cross-examination revealed that Ms. Cordero-Gonzalez used marijuana and cocaine on a daily basis, that she had been undergoing mental health counseling, and that she had a prior conviction for money laundering. Petitioner has not identified any exculpatory evidence that counsel failed to locate. His bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995).

As to counsel's alleged failure to obtain trial information regarding Mr. Montes, it is clear that the Government provided to counsel information regarding all of Montes'

4

prior convictions, a fact acknowledged on appeal. *See* Criminal Case Doc. No. 444 at 2, 15.

In addition, there was no basis to object to the admission of the drugs, since the Government established their nexus to Petitioner's case during trial. Specifically, drug agents conducted controlled deliveries of suspicious packages to their intended recipients. The agents then conducted surveillance to determine who ultimately took possession of the boxes. Eventually, the investigation identified Petitioner as a leader and organizer of a group participating in cocaine distribution. In particular, Petitioner received cocaine that was mailed in packages from Puerto Rico to various addresses in the Orlando area, and it was then transported by him to his associates.

Also, counsel was not ineffective for failing to have the cocaine independently tested. The conspirators in this case mailed and received numerous parcels cocaine over an extended period of time. Testing the cocaine would not have proven different conspiracies; rather, at best, it would have shown that the sources of supply in Puerto Rico also obtained the cocaine from multiple sources.

Moreover, the Court finds that Petitioner has not established ineffective assistance with regard to the alleged failure to (a) interview the other co-defendants, expert witnesses, or "members of the separate organizations," or (b) investigate any viable line of defense prior to trial. Petitioner has not shown that the "other co-defendants" or "members of the separate organizations" would have provided specific information that Petitioner was innocent of the crime with which he was charged. *See*

5

*Brain v. United States*, 2011 WL 1343344, at *6 (E.D. Tenn. April 8, 2011) ("Mere unsupported, unsubstantiated allegations about what testimony a potential witness might have given are far too speculative to justify awarding extraordinary post-conviction relief under 28 U.S.C. § 2255."). Indeed, several co-defendants had pleaded guilty.

As to the expert witness, Petitioner fails to 1) identify an expert in the relevant area, 2) offer a declaration that any such expert would have testified on his behalf at trial, and 3) provide a declaration setting forth opinions the expert would have given if called. Moreover, although Petitioner mentions that counsel failed to investigate "viable lines of defense," he has suggested no "viable defense" of which his counsels' conduct allegedly deprived him, and he has failed to suggest how he was prejudiced by his trial counsel's allegedly deficient representation. Petitioner's vague and conclusory allegations are inadequate as a matter of law to demonstrate ineffective assistance of counsel with regard to this matter.

The Court has reviewed all of the instances of ineffective assistance of counsel raised by Petitioner in this claim and finds that Petitioner has failed to demonstrate that counsel acted deficiently or that he sustained prejudice. As a result, this claim is denied.

E.    *Claim Two*

Petitioner argues that trial counsel performed inadequately during plea negotiations. He alleges that counsel informed him that "the only way to negotiate was

6

to agree to cooperate . . . [but] failed to notify [him] that his decision not to cooperate did not prevent him from pursuing plea negotiations through the U.S. Department of Justice, Criminal Division in Washington." *See* Doc. No. 4 at 5. Petitioner also states that counsel should have "inquire[d] into the possibility of a joint plea of both [Petitioner] and Mora." *Id.* at 14-15.

This claim is without merit. Petitioner has not provided any authority to support the proposition that he, as a represented party, could have entered plea negotiations with the United States Department of Justice without counsel's participation. He also fails to demonstrate that the Government would have been receptive to a "joint plea" or that his co-defendant was in any manner interested in pursuing this course of action. Petitioner's allegations are too vague and conclusory to support an ineffective assistance of counsel claim

The Court has reviewed all of the instances of ineffective assistance of counsel raised by Petitioner in this claim and finds that Petitioner has failed to demonstrate that counsel acted deficiently or that he sustained prejudice. As a result, this claim is denied.

F.   *Claim Three*

Petitioner states that trial counsel misadvised him to admit being a drug dealer. He states that counsel advised him "to admit being a drug dealer and to claim that he was not part of the charged conspiracy and merely had a 'buyer-seller' relationship with Montes." *See* Doc. No. 4 at 7.

7

There was overwhelming evidence that Petitioner was in fact heavily involved in drug trafficking with his co-defendant.  There was also overwhelming evidence that Petitioner was operating his own drug-trafficking organization and that Montes was also operating a drug-trafficking organization.  In order to convince the jury that Petitioner was not involved in a single conspiracy with Montes, it was reasonable trial strategy to admit Petitioner's involvement in drug trafficking but to try to separate the activities of Petitioner's organization from those of Montes' organization.  In other words, it was reasonable for Petitioner's counsel to argue that the Government failed to prove that Petitioner was involved in a single conspiracy with Montes.

This claim fails the first prong of the *Strickland* test since it essentially challenges various strategical and tactical decisions of trial counsel.  Such decisions are ill-suited to judicial second-guessing and, if reasonable (as they are here), cannot support an ineffective assistance claim.  Further, the second prong of the *Strickland* test has not been met.  Petitioner simply has not show that any errors of trial counsel—even assuming them to exist—were of sufficient seriousness as to deprive him of a fair trial.  Consequently, this claim is denied.

**G.    *Claim Four***

Petitioner asserts that trial counsel failed to file certain pre-trial motions, including motions for severance, bill of particulars, suppression of drugs, and *Jencks*[2] material.

In order to succeed with the issue of counsel's failure to file a motion to sever, Petitioner must show that the joinder created actual prejudice that deprived him of a fair trial. *United States v. Magana*, 127 F.3d 1, 7 (1st Cir. 1997). A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. *Strickland*, 466 U.S. at 685. Apart from vague and self-serving assertions, Petitioner presents nothing to demonstrate that his counsel's failure to file a motion to sever was outside "the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Since the charged offense was part of a common scheme, a motion to sever would likely have failed, and it was not unreasonable for counsel to decline to file the motion. Petitioner also fails to show that in any way he was denied a fair trial by reason of the joinder of the charge against him with the trial of his co-defendant.[3] He is therefore not entitled to relief based on this issue.

---

[2]The Court notes that the Jencks Act, 18 U.S.C. § 3500, requires that, following a government witness's direct testimony, the Government produce to defendants "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

[3]Courts have repeatedly emphasized the "strong interest in joint trials of those who engaged in a common enterprise." *See United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987).

Petitioner also argues that a bill of particulars was necessary so counsel could be aware of the facts the Government intended to prove at trial; however, the Government provided full discovery in this case, and a bill of particulars was unnecessary to inform counsel of the facts that would be proven at trial.  Thus, this issue is without merit.

Petitioner's argument regarding the motion to suppress is without merit because there was no basis to object to the admission of the drugs.

Likewise, the argument regarding the Jencks Act material is without merit because Petitioner does not identify which prior inconsistent statements of Montes and Cordero-Gonzalez should have been provided to him in discovery.

The Court has reviewed all of the instances of ineffective assistance of counsel raised by Petitioner in this claim and finds that Petitioner has failed to demonstrate that counsel acted deficiently or that he sustained prejudice.  As a result, this claim is denied.

## H.  *Claim Five*

Petitioner asserts that trial counsel made certain mistakes during trial.  Petitioner mentions the following:  (a) counsel pursued a "flawed" trial strategy; (b) counsel failed to object to Agent Schulte being allowed to remain in the courtroom during trial; (c) counsel failed to object to the presence of drugs being displayed to the jury; (d) counsel failed to argue perjury "by both Yaya and Montes"; (e) counsel failed to have the jury determine a specific drug amount that was attributable to Petitioner; (f) counsel failed to object to the Government vouching for the credibility of its witnesses; (g) counsel

failed to object to the Government's use of false statistics as to drug amount and money allegedly paid to Montes by Petitioner; (h) counsel failed to object to the Government's "pre-drawn chart" connecting the alleged conspirators to Petitioner without forcing the Government to prove both nexus and agreement; (i) counsel failed to argue Petitioner's actual innocence to the offense charged; (j) counsel failed to request a recess in order to review *Jencks* and *Giglio* material; (k) counsel failed to make arguments to correct the Government's mistakes; and (l) counsel made "other critical mistakes too numerous to cover in the space provided." *See* Doc. No. 4 at 15.

The Court has reviewed each issue identified by Petitioner in this claim and finds that Petitioner has failed to show that counsel acted deficiently or that he sustained prejudice. *See United States v. Butt*, 731 F.2d 75, 77 (1st Cir. 1984) ("Facially adequate § 2255 claims may be summarily denied when the record conclusively contradicts them.")

Strategic decisions are ill-suited to judicial second-guessing and, if reasonable (as they are here), cannot support an ineffective assistance claim. Therefore, issue a is denied.

Likewise, issues b, c, d, f, g, and h are without merit. There was no basis to object to the presence of Agent Schulte or the drugs in the courtroom (issues b and c), and Petitioner has not demonstrated that either Cordero-Gonzalez or Montes committed perjury (issue d). Moreover, Petitioner has not shown that Government improperly vouched for the credibility of its witnesses (issue f), presented false statistics (issue g), or

relied on an objectionable chart (issue h).   Therefore, Petitioner has not shown that counsel was ineffective with regard to these matters.

The Court also denies issues e, i, j, k, and l.  The jury did find a specific drug amount attributable to Petitioner, and issue e is baseless.  *See* Criminal Case Doc. No. 261.  Issue i is without merit because counsel specifically argued that Petitioner was not guilty of the charged conspiracy. *See* Criminal Case Doc. No. 368 at 13-24.     Petitioner has not shown that counsel was unfamiliar with any materials provided by the Government or that a recess was necessary for her to further review those materials.  In fact, Petitioner fails to specify these materials.  Finally, issues k and l are too vague and conclusory to support an ineffective assistance of counsel claim.  As a result, this claim is denied.

I.    *Claim Six*

Petitioner states that trial counsel failed to do the following:  (a) call witnesses who would have been favorable to his defense; (b) cross-examine the Government's expert witnesses; (c) call the co-defendants who pled guilty; and (d) "call the son of government witness Yaya."

As to issues a, c, and d, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony.  The witness may not testify as anticipated, or the witness's demeanor or character may impress the jury unfavorably and taint the jury's perception of the accused; or the testimony, though sympathetic, may prompt jurors to draw

inferences unfavorable to the accused." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993) (citations omitted).  Petitioner has failed to advance a persuasive argument that trial counsel's decision not to call these witnesses was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation.

Moreover, mere speculation as to the testimony an uncalled witness would have given is too uncertain. *See Gasanova v. United States*, 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted).  A petitioner cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.  *Id.*  In the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial.  *Id.*  To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial.  *Id.*  Here, Petitioner fails to meet the prejudice prong of *Strickland* since he has not demonstrated that the testimony of these witnesses would have been favorable or that these witnesses would have actually testified at trial.

As to issue b, Petitioner has failed to show prejudice.  He states that these witnesses should have been questioned with regard to the difference in the chemical composition of the drugs to show that they originated from different sources. However, as discussed above, at best, this information would have shown that the sources of supply in Puerto Rico also obtained the cocaine from multiple sources, which

13

would not have been beneficial to Petitioner's case. Consequently, this claim is without merit.

J.   *Clam Seven*

Petitioner states that trial counsel performed deficiently at sentencing. He alleges that counsel failed to argue against sentencing enhancements, "preserve the statutory cocaine to marijuana ratio for sentencing purposes," and to reveal the "duress defense." *See* Doc. No. 4 at 17-18.

The duress defense is a common law concept that federal criminal law has incorporated. *See United States v. Bailey*, 444 U.S. 394, 409-10 (1980). Under this defense, otherwise criminal behavior may be excused under narrow circumstances. Moreover, it is an affirmative defense, and the burden of proof is on the defendant. *See United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994). Petitioner has failed to specify any factors supporting such a defense, and he has not shown that such a defense would have even been applicable in a sentencing context.

Although Petitioner further argues that counsel failed to preserve the issue of the statutory cocaine to marijuana ratio for sentencing purposes, he has not shown that there is a statutory cocaine to marijuana ratio in 21 U.S.C. § 841(b). In addition, the record reflects that counsel raised several objections to the Presentence Investigation Report (the "PSR"), including an objection to not receiving an adjustment for acceptance of responsibility. *See* Addendum to PSR at 2. Finally, the Court did not have discretion to depart downward from the mandatory minimum sentence of 20 years established by

14

Petitioner's offense of conviction and 21 U.S.C. § 851. *See United States v. Simpson*, 228 F.3d 1294, 1303 (11th Cir. 2000). Consequently, the Court finds that Petitioner's counsel acted reasonably at sentencing, and there has been no showing of prejudice. As a result, this claim is denied.

K.   **Claim Eight**

Petitioner states that counsel labored under a conflict of interest because she shared office space with another attorney who represented Montes, thereby creating a "potentially damaging conflict." *See* Doc. No. 4 at 18. However, Petitioner acknowledges there is no "hard evidence or proof that this created an unfair advantage for the prosecution and caused Movant to be denied a fair trial." *Id.*

Petitioner has failed to establish the existence of an actual conflict of interest, and the Court notes that Petitioner admits that there is no evidence of prejudice. To establish a Sixth Amendment violation, the petitioner must demonstrate both that an actual conflict of interest existed and that such conflict adversely affected the adequacy of his (or her) representation. *Smith v. White*, 815 F.2d 1401, 1404 (11th Cir. 1987). In the present case, Petitioner has failed to demonstrate either that an actual conflict of interest existed in this case or that any such conflict adversely affected the adequacy of his representation. Thus, this claim is denied.

L.   **Claim Nine**

Petitioner argues that appellate counsel failed to raise certain issues on direct appeal: (a) the erroneous admission of the co-defendant's plea agreement and

15

admission of guilt to the jury; (b) the vouching of witnesses by the Government; (c) the introduction of perjured testimony by the Government's witnesses; (d) counsel's conflict of interest; (e) counsel's failure to present "a foregone ground upon which a new trial could have been obtained"; and (f) counsel's misadvice to admit guilt. *See* Doc. No. 4 at 18.

There is no indication that issues a, b, and c were raised at the trial level. Before an appellate court "can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Smith*, 459 F.3d 1276, 1283 (11th Cir. 2006) (quotation omitted) (citation omitted).  Petitioner has failed to allege or otherwise demonstrate that these issues constituted plain error.  As a result, these issues are not meritorious.

Issues d, e, and f are without merit since "claims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the District Court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Veltrop*, 161 F. App'x 914, 915 (11th Cir. 2006) (quotation omitted) (citation omitted).  Consequently, this claim is denied.

M.    *Claim Ten*

Petitioner states that the Court failed to give certain curative instructions to the jury and erred by allowing the Government to display drugs during the trial.

This claim was not raised in Petitioner's direct appeal. "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills*, 36 F.3d at 1055. Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055.

In the present case, Petitioner has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's failure to raise this claim on direct appeal constitutes a waiver and bars him from raising this claim in the instant proceeding.

N.    *Claim Eleven*

Petitioner alleges that trial counsel failed to object to misconduct by the prosecutor at trial, and appellate counsel failed to raise the issue on direct appeal. According to Petitioner, the Government bolstered "the credibility of its witnesses, Yaya and Montes," and counsel failed to object to the prosecutor's actions.

Vouching occurs when

"[T]he jury could reasonably believe that the prosecutor was indicating a personal belief in the witness's credibility." *United States v. Sims*, 719 F.2d 375, 377 (11th Cir.1983), *cert. denied* 465 U.S. 1034, 104 S. Ct. 1304, 79 L.Ed.2d 703 (1984). In applying this test, we look for whether (1) the prosecutor placed the prestige of the government behind the witness by making explicit [personal] assurances of the witness's credibility, or (2) the prosecutor implicitly vouched for the witness's credibility by implying that evidence not formally presented to the jury supports the witness's testimony. *Sims*, 719 F.2d at 377.

*United States v Castro*, 89 F.3d 144, 1457 (11th Cir. 1996). Here, the Government argued that, based on their plea agreements, these witnesses were required to tell the truth. *See* Criminal Case Doc. No. 368 at 9. In particular, the Government noted that if they did not tell the truth, they would not "get credit." *Id*. The Government merely argued that the jury should analyze the credibility of these witnesses in light of the fact that they expected to receive a benefit from the Government because of their plea agreements.

The Government never vouched for any witness' credibility, and it did not place "the prestige of the government" behind the witness. The Court also notes that the jury was instructed that it should consider the testimony of a witness who entered into a plea agreement with the Government "with more caution than the testimony of other witnesses." *See* Criminal Case Doc. No. 368 at 49. "[A]ny suggestion of vouching [is]

18

dispelled by the court's instruction to the jury that it should consider testimony given pursuant to a plea bargain with more caution than the testimony of other witnesses. *United States v. Diaz*, 190 F.3d 1247, 1254 (11th Cir. 1999) (quotation omitted) (citation omitted).   Consequently, Petitioner has failed to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice.  As a result, this claim is denied.

O.   *Claim Twelve*

Petitioner states that trial counsel was ineffective because of the following:  (a) counsel failed to have the cocaine independently tested; (b) counsel failed to have fingerprints, audio, and video surveillance independently tested; (c) counsel failed to "interview expert witness as to chemical composition"; (d) counsel failed to move for a severance of defendants; (e) counsel failed to file a continuance motion; (f) counsel failed to select a strategy that would have subjected the Government's case to meaningful adversarial testing; (g) counsel failed to "call expert witness to show difference in drug/chemical composition"; (h) counsel failed to object to the Government's use of a pre-drawn chart; (i) counsel failed to "move to physically disassociate co-defendants in the courtroom"; (j) counsel failed to "present a foregone ground upon which a new trial could have been obtained"; and (k) counsel labored under a conflict of interest.

Issues a, c, d, f, and g were previously addressed and are denied for the same reasons previously discussed.

Issue b is vague and conclusory, and it is denied.  No evidence of fingerprints was offered at the trial; Montes authenticated the intercepted phone calls with Petitioner and identified Petitioner; and there was no video surveillance offered as evidence.

Issue e concerns counsel's failure to request a continuance based on *Melendez–Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009).  In *Melendez–Diaz* the United States Supreme Court concluded that affidavits reporting the results of forensic analysis are testimonial evidence.  The affiants, therefore, are "'witnesses' subject to the defendant's right of confrontation under the Sixth Amendment."  *Id*. at 2530.  In the present case, the Government did not offer any laboratory analyst's certificates to prove that the offered exhibits contained cocaine.  Therefore, counsel did not act deficiently with regard to this matter, and there has been no showing of prejudice.

Although not clear, it appears that issue h concerns a diagram displayed during closing argument.  The diagram was based solely on the evidence admitted during the trial, and Petitioner fails to explain how counsel was deficient with regard to this matter or how he sustained prejudice.  Consequently, this issue is denied.

Issue i deals with counsel's failure to "physically disassociate co-defendants in the courtroom."  *See* Doc. No. 4 at 20.  Issue j concerns counsel's failure to "present a foregone ground upon which a trial could have been obtained."  *Id*.  These issues are vague and conclusory, and they are denied.  Petitioner fails to explain how counsel was deficient with regard to these matters or how he sustained prejudice.

Petitioner states in issue k that counsel labored under a conflict of interest because she previously represented the Government and prosecuted cases before this Court. Although counsel formerly represented the United States, Petitioner fails to establish an actual conflict created by counsel's post-government employment and representation of Petitioner, nor does he establish how he was prejudiced. Therefore, this issue is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jonathan Melendez (Doc. No. 4) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:08-cr-228-Orl-28KRS.

4.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 486) filed in criminal case number 6:08-cr-228-Orl-28KRS.

5.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[4]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this ___8___ day of January, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 1/3
Jonathan Melendez
Counsel of Record

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.